# IN THE COURT OF APPEALS OF IOWA

No. 17-0920
Filed July 19, 2017

**IN THE INTEREST OF L.H.,**
**Minor Child,**

**R.H., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

The father appeals the juvenile court's dispositional order confirming the adjudication of his child as a child in need of assistance. **REVERSED.**

Mark J. Neary, of Neary Law Office, Muscatine, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Sara Strain Linder of Bray & Klockau, P.L.C., Iowa City, guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

A father appeals from the juvenile court's order adjudicating L.H. to be a child in need of assistance (CINA). He contends the juvenile court erred in finding the State proved the grounds for adjudicating the child CINA under Iowa Code section 232.2(6)(b) and (c)(2) (2017). We reverse.

**I. Background Facts and Proceedings.**

L.H.[1] came to the attention of the Iowa Department of Human Services (DHS) in June 2016 due to concerns of physical abuse by the father. It was alleged the father assaulted L.H.'s older half-sibling, A.D., when he grabbed A.D.'s neck and pushed him into a doorframe. L.H. did not witness the event. After the incident, the mother called 911 and took A.D. to the hospital. A.D. was diagnosed with a subdural hematoma on the head. Hospital, DHS, and police reports indicate the mother intended to take the children to her father's house after the incident; the mother later testified that she was already residing with her father at the time of the assault on A.D.

In December 2016, during a Family Safety, Risk, and Permanency visit with the mother, the social worker observed "extreme bruising" on the mother's face, including broken blood vessels in her right eye, two black eyes, and bruises along the mother's forehead and cheeks. The mother claimed a snowball caused the black eyes, and she tripped over a toy and hit a door, which caused the facial bruising. The social worker noted "severe concerns for the presence of domestic violence in the home."

---

[1] L.H. has half-siblings who are not at issue in this appeal.

On January 13, 2017, a contested adjudicatory hearing was held. A DHS representative testified about the June 2016 incident with A.D. and the lack of participation by the father in DHS processes. Another DHS worker testified that since the June 2016 incident, the agency has been unable to meet with the father because he does not respond to phone calls or letters from DHS. The mother testified that A.D. might have exaggerated the June incident with the father. On February 23, the court issued an order finding the father assaulted A.D. in June and adjudicating L.H. and the half-siblings CINA pursuant to Iowa Code section 232.2(6)(b) and (c)(2). The order left L.H. and the half-siblings in the care of their mother.

On April 20, a contested dispositional hearing was held. At the time of the hearing, testimony confirmed the father remained uncooperative with DHS. He refused to submit social history information to the department, and he refused to answer questions asked by the department at the hearing. DHS representatives also testified the father refused to cooperate with paternity testing. The district court issued an order confirming L.H. as CINA, explaining, "[The father] has unaddressed anger issues that present a danger to the children if not addressed." The father appeals.

**II. Standard of Review.**

We review CINA proceedings de novo. *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). The State bears the burden to prove its allegations by clear and convincing evidence. Iowa Code § 232.96(2). "Clear and convincing evidence" must leave "'no serious or substantial doubt about the correctness of the conclusion drawn from it.'" *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002) (citation

omitted).  We accord considerable weight to the factual findings of the juvenile court, especially concerning the credibility of witnesses, but we are not bound by those findings.  *In re W.G.*, 349 N.W.2d 487, 491–92 (Iowa 1984).  Our primary concern is the best interests of the children.  *Id.* at 492.

**III. Discussion.**

The father claims the State failed to prove the statutory grounds required to adjudicate L.H. as CINA because L.H. is not in imminent harm and there is no risk of harm due to lack of supervision.[2]  The State and L.H.'s guardian ad litem argue L.H. is in risk of imminent harm based on the father's pattern of abusive behavior and unaddressed anger issues.  Their argument relies on the assumption the mother will place L.H. under the supervision of the father, whose anger issues make abuse imminently likely.  There is no evidence L.H. has been assaulted and no evidence the child witnessed a domestic abuse assault between the mother and father.

L.H. was adjudicated a CINA pursuant to Iowa Code section 232.2(6)(b) and(c)(2).  Section 232.2(6)(b) requires that a parent "has physically abused or neglected the child, or is imminently likely to abuse or neglect the child."  Section 232.2(6)(c)(2) provides that a child "has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise

---

[2] The father also argues L.H. must reside with the father to be adjudicated CINA under the relevant statute.  L.H. was adjudicated CINA under section 232.2(6)(b), which applies to a child's *parent* who "has physically abused or neglected the child, or is imminently likely to abuse or neglect the child."  The appellant is L.H.'s biological father.  The father's residence is inconsequential under these facts and the relevant statutes.  Accordingly, we decline to address the father's residence as related to the CINA proceedings.

The father also presents various arguments regarding the CINA adjudication of L.H.'s half-siblings.  However, half-siblings are not involved in this appeal.  Accordingly, we decline to address them.

a reasonable degree of care in supervising the child." Physical abuse or neglect in this context means "any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child." *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014). The "injury" or "harm" suffered "pertains to the physical, mental or social welfare of a child." *Id.* "The most important consideration in any CINA case is the best interests of the child." *D.D.*, 653 N.W.2d at 362.

The State has the burden of proving its CINA petition allegations by clear and convincing evidence. Iowa Code § 232.96. "Clear and convincing evidence is more than a preponderance of the evidence and less than evidence beyond a reasonable doubt. It means that there must be no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *In re L.G.*, 532 N.W.2d 478, 481 (Iowa Ct. App. 1995) (citations omitted).

The father has demonstrated aggressive behavior towards his family. The father has a documented child-abuse report against L.H.'s half-sibling, and the record suggests another incident of abuse occurred since it was discovered L.H.'s mother had two black eyes. Yet clear and convincing evidence is lacking as to L.H.'s risk of imminent harm. Protective measures were put in effect, including the mother's care of the children in a different residence. Although L.H. may be at risk of harm, the supporting evidence is not clear. *See In re A.C.*, No. 08-1215, 2008 WL 4531458, at *2 (Iowa Ct. App. Oct. 1, 2008) (holding CINA adjudication based on imminent harm was not supported by clear and convincing where the record lacked evidence of abuse towards the child at issue and the child was not in the father's care); *In re Z.W.*, No. 04-0383, 2004 WL 1075063, at

*4 (Iowa Ct. App. May 14, 2004) (holding sex offender's brief presence in the home while the children were supervised by the mother and the mother's previous relationship with the sex offender were insufficient to establish clear and convincing evidence of imminent harm to the children). We reverse the adjudication of CINA as to L.H.

**REVERSED.**